IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

COURTNEY TURNER,
ROBERT ST. JOHN, and
JONATHAN HEIL
on behalf of themselves and
all others similarly situated,

Case No. 11-cv-00092

Plaintiffs,

vs.

SUPERIOR SATELLITE
COMPANY, INC., CHRIS GNETZ,
and SCOTT NEUMAN

Defendants.

## RULE 26(f) JOINT PRETRIAL REPORT

Individual and Representative Plaintiffs Courtney Turner, Robert St. John, and Jonathan Heil (the Plaintiffs) on their own behalf and on behalf of all others similarly situated, by their attorneys, Hawks Quindel, S.C., Axley Brynelson, LLP, and Gingras, Cates & Luebke, S.C.,  and Defendant Superior Satellite, Inc., (incorrectly named Superior Satellite Company Inc.), by its attorneys, Ogletree, Deakins, Nash, Smoak & Stewart, P.C., pursuant to Rule 26(f), Federal Rules of Civil Procedure, submit the parties' Rule 26(f) Joint Pretrial Report.

1.      Counsel for the parties held a telephone conference on July 11, 2011 and discussed those matters set forth in Rule 26, Federal Rules of Civil Procedure.

Superior Satellite has had the opportunity to review and consent to the filing of the present Rule 26(f) Joint Pretrial Report; Defendants Chris Gnetz and Scott Neuman had not been served as of the date of the meeting.  Chris Gnetz had not been served as of the date of this report..

2.      Nature of the Case.  Individual and Representative Plaintiffs have brought a purported collective and class action under the federal Fair Labor Standards Act ("FLSA") and Minnesota wage and hour laws on behalf of themselves and other allegedly, similarly situated individuals in order to recover allegedly unpaid regular pay, overtime pay, and certain allegedly unlawful pay deductions. Defendant denies liability; denies this lawsuit is properly maintainable as a collective action under the FLSA; and denies this lawsuit is properly maintainable as a class action under state common law.

3.      Issues of Jurisdiction or Venue.  The parties agree that the Court has subject matter jurisdiction and this case properly is venued in the Western District of Wisconsin.

4.      Related Cases.  The parties are unaware of any related cases.

5.      Material Factual and Legal Issues to be Resolved at Trial.  The parties agree that the following issues, among others, exist:  (1) whether the present class meets the requirements to proceed as a collective and / or class action lawsuit; (2) whether liability exists under the FLSA and Minnesota wage and hour laws; (3) whether Defendants Gnetz and Neuman are employers as defined by the FLSA and Minnesota wage and hour laws; (4) whether Defendants' satellite technicians and

FSMs classified as independent contractors are actually employees as defined by the FLSA and Minnesota wage and hour laws; (5) the extent of the named Plaintiffs' and putative class members' damages, if any; (6) whether Defendants' conduct was willful; (7) whether Defendants made improper deductions from wages; and (8) whether Defendants failed to keep time records as required by Minnesota law and, if so, the amount of penalty, if any, that the Court should impose.

6.    <u>Simplification of Issues</u>.   The parties have attempted to simplify the issues by stipulating to conditional certification, but have not been able to reach a stipulation.  The parties will continue to try to stipulate to this issue.

7.    <u>Admissions and/or Stipulations</u>.  See response to No. 6.

8.    <u>Advance Rulings from the Court</u>.  The parties will attempt to bring to the Court's attention at the earliest possible time any issues relating to admissibility of evidence on which an advance ruling would be helpful.

9.    <u>Limitation of Testimony Under Rule 702</u>.  The parties, at this time, are not aware of the need to limit the use of testimony under Rule 702, Federal Rules of Evidence.

10.    <u>Additional Parties</u>.  The Plaintiffs will continue to file the consent forms of additional party plaintiffs as they become aware of these individuals and anticipate sending notice of this lawsuit to all other similarly situated individuals if the proposed classes are certified.  The Defendant will oppose attempts to add plaintiffs to this lawsuit through the collective or class action procedures.

11.     Amendment of Pleadings.  While not properly named, Defendant Superior Satellite will file an Answer to Plaintiffs' First Amended Complaint.  Due to a clerical error, Plaintiffs used the incorrect name for Defendant Superior Satellite in the First Amended Complaint.  Plaintiffs will file the appropriate papers to correct the caption.  Defendant Chris Gnetz has not been served.  Defendant Scott Neuman was served on July 12, 2011.  Plaintiffs anticipate filing a Second Amended Complaint to add additional state law wage and hour classes pursuant to Fed. R. Civ. P. 23.  Defendants oppose the filing of a Second Amended Complaint.

12.     Motions Pending or Contemplated.  Plaintiffs plan to move for conditional class certification of their FLSA claims and Fed. R. Civ. P. 23 class certification of their state law claims. Plaintiffs seek leave from the Court to file an early dispositive motion related only to Defendants' position that certain putative class members are independent contractors and not employees and, as such, not covered by the FLSA or Minnesota wage and hour laws. Plaintiffs make this request so as to address at an early stage the principle issue of the case and in an effort to help the parties assess their respective positions prior to engaging in extensive litigation and trial preparation.

Defendants plan to oppose certification of this lawsuit as a collective or class action, will oppose Plaintiffs' motion to seek leave to file an early dispositive motion, and in the event the court grants conditional certification, Defendant will move to decertify the classes.  Both parties likely will file a motion for summary judgment on the merits of the claims.

13.     <u>Length of Trial</u>.  The parties believe that this case can be tried in approximately two weeks:  five to six days for liability, and four to five days for damages, if necessary.

14.     <u>Settlement Discussions</u>.  The parties engaged in attempts to settle the present lawsuit, including an all day mediation in Minneapolis on May 16, 2011. The parties were unsuccessful at mediation.

15.     <u>Initial Disclosures</u>.  The parties agree to make required Rule 26(a)(1) pretrial disclosures on or before July 29, 2011.  Counsel for the parties will supplement their initial disclosures pursuant to Rule 26(e) Federal Rules of Civil Procedure.

16.     <u>Electronic Discovery</u>.  The parties conferred regarding the following matters involving electronic discovery:

A.     *Preservation Issues.*  The parties discussed their respective efforts to preserve electronically stored information in detail, including the specific steps that have been taken to preserve potentially responsive data.

B.     *Information About Relevant Systems.*  The parties discussed the location of potentially responsive electronically stored information, the accessibility of said data, the applicable document retention policies, backup systems and the identify of those individuals with the most knowledge on these topics.

C.     *Information About Relevant Data.*  The parties discussed the location and volume of electronic evidence that is most relevant to the subject matter of the litigation.

D.      *Form of Production.*  Absent a contrary agreement, the parties agreed that all electronically stored information would be produced in its native format, with meta-data intact.  The parties will work together if a different form of production is necessary.

E.      *Scope of Discovery/Production.*  The parties agree to work together to avoid unnecessary cost and undue burden.  There will be no "rolling production" of documents or electronically stored information.

F.      *Custodians.*  The parties agree to work together to identify key custodians that may have knowledge regarding preservation efforts, sources of electronically stored information, custody of electronically stored information and applicable document retention policies.

G.      *Protection of Privileged Information.*  The parties agreed to a protocol for the protection of inadvertently disclosed, privileged information.

H.      *Search Protocols.*  The parties agree, where necessary, to utilize and follow search protocols that are based on statistically acceptable methods and recall.

17.     Trial and Final Pretrial Dates.  The parties believe that this matter will be ready for trial on or after October 8, 2012. The parties request that the final pretrial conference be scheduled in accord with the Court's regular practice, one week prior to trial.

18.     Witnesses and Exhibits.  The parties agree that disclosure of all witnesses and exhibits for trial shall be completed in accordance with the Federal

Rules of Civil Procedure or the deadline set by the Court pursuant to its preliminary pretrial order.

19.     Expert Witnesses.  The parties do not anticipate using experts for class certification purposes. The parties ask that this Court establish deadlines for the disclosure of liability and damages expert witnesses as follows:  (1) liability experts by the Plaintiffs, approximately 60 days before the dispositive motion deadline and by the Defendants, approximately 30 days before the dispositive motion deadline and (2) damages experts by the Plaintiffs, approximately 60 days prior to the close of discovery and by the Defendants approximately 30 days prior to the close of discovery.

20.     Dispositive Motions.  The parties agree that all dispositive motions shall be filed no later than 5 months before trial.

21.     Electronic Service.  The parties confirm that documents filed through the Court's ECF system are served by ECF notification.  The parties also consent that service by electronic means shall be allowed as set forth in Fed. R. Civ. P. 5(b)(2)(E) and that such service shall be complete upon transmission and shall be considered the same as personal service, provided that the sender does not receive any indication that such electronic transmission was unsuccessful.

22.     The parties agree that copies of all written discovery requests and proposed findings of fact shall be provided and/or served electronically in a format editable by the other party (such as Word format), and that copies of all proposed

findings of fact as required by the Court's standing order regarding summary

judgment motions shall be served electronically in a similar editable format.

### Proposed Case Schedule

| | |
|---|---|
| August 3, 2011 | Initial Disclosures Due |
| August 30, 2011 | Plaintiffs' proposed deadline to File Second Amended Complaint without leave of Court.  Defendants' dispute that Plaintiffs can amend again without leave of court and suggest this date as a proposed deadline for Plaintiffs' having to Move For Leave to File a Second Amended Complaint. |
| September 12, 2011 | Motion for Conditional Certification Due (21 and 10 day briefing schedule) |
| November 25, 2011 | Early Dispositive Motion On Independent Contractor Issue Only Due (21 and 10 day briefing schedule) Defendant opposes early dispositive motions. |
| February 24, 2012 | Motion for Rule 23 Certification / Decertification Motions Due (21 and 10 day briefing schedule) |
| March 5, 2012 | Plaintiffs' Liability Expert Witness Disclosure Due |
| April 6, 2012 | Defendants' Liability Expert Witness Disclosure Due |
| May 4, 2012 | Dispositive Motions Due (21 and 10 day briefing schedule) |
| July 2, 2012 | Plaintiffs' Damages Expert Witness Disclosure Due |
| August 3, 2012 | Defendants' Damages Expert Witness Disclosure Due |
| September 7, 2012 | Close of discovery |

| September 27, 2012 | Final Pretrial Conference |
|---|---|

Dated this 13th  day of July 2011.

HAWKS QUINDEL, S.C.
Attorneys for Plaintiffs

By:_____ s/ William E. Parsons_____
William E. Parsons, State Bar No. 1048594
Email: wparsons@hq-law.com
David C. Zoeller, State Bar No. 1052017
Email: dzoeller@hq-law.com
Post Office Box 2155
Madison, Wisconsin 53701-2155
Telephone:  608/257-0040
Facsimile: 608/256-0236

AXLEY BRYNELSON, LLP
Attorneys for Plaintiffs

By:_____ s/ Michael J. Modl_____
Michael J. Modl, State Bar No. 1011419
Email: mmodl@axley.com
Timothy D. Edwards, State Bar No. 1036836
Email: tedwards@axley.com
Steven M. Streck, State Bar No. 1013070
Email: sstreck@axley.com
Post Office Box 1767
Madison, Wisconsin 53701-1767
Telephone:  608/257-5661
Facsimile: 608/257-5444

GINGRAS, CATES & LUEBKE, S.C.
Attorneys for Plaintiffs

By:_____ s/ Robert J. Gingras_____
Robert J. Gingras, State Bar No. 1002909
Email: gingras@gcllawyers.com
Heath P. Straka, State Bar No. 1031351
Email: straka@gcllawyers.com
Post Office Box 1808
Madison, Wisconsin 53701-1808
Telephone:  608/833-2632
Facsimile: 608/257-5444

9

Dated this 13th  day of July 2011.

**OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.**
Attorneys for Defendants


By: _____*s/ Andrea D. Kiehl*_____

Andrea D. Kiehl (WI #1084634)
Email: andrea.kiehl@ogletreedeakins.com
Wells Fargo Center
90 South Seventh Street, Suite 3800
Minneapolis, MN 55402
Telephone: 612.339.1818
Fax: 612.339.0061